```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

| | | |
|---|---|---|
| ULTIMATE HOME PROTECTOR PANS, INC., d/b/a DRIPTITE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19CV280 |
| CAMCO MANUFACTURING, INC., HAIER US APPLIANCE OPERATION, LLC, and HAIER US APPLIANCE SOLUTIONS, INC., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| ULTIMATE HOME PROTECTOR PANS, INC., d/b/a DRIPTITE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19CV675 |
| HAIER US APPLIANCE OPERATION, LLC, and HAIER US APPLIANCE SOLUTIONS, INC., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

This matter is before the court on Defendants Haier US Appliance Operation, LLC, and Haier US Appliance Solutions, Inc. (together, "GE Appliances") and Camco Manufacturing, Inc.'s ("Camco") (together, "Defendants") motion to dismiss and for

default judgment under Federal Rules of Civil Procedure 41(b) and 55(b). (Doc. 35.) This case concerns washing machine drain pans. Defendants all sell washing machine drain pans, as does Plaintiff. (Doc. 23 at 1.)

I.  **PROCEDURAL HISTORY**

Plaintiff filed complaints against Defendants for patent infringement, seeking damages and declaratory relief that Defendants had infringed its patent, U.S. Patent No. 8,393,351 (the "'351 Patent").[1] (1:19CV280 (Doc. 1); 1:19CV675 (Doc. 1).) Defendants filed counterclaims against Plaintiff, (Camco's Answer (Doc. 22); GE Appliances' Answer (Doc. 23)), and when Plaintiff failed to respond to those counterclaims, Defendants moved for an entry of default against Plaintiff for failing to respond to their counterclaims, (Doc. 31). The clerk of court filed an entry of default against Plaintiff. (Doc. 33.)

Now Defendants ask the court to dismiss Plaintiff's claims with prejudice and for a declaratory judgment that the '351 Patent is invalid and unenforceable and that Defendants' accused devices do not infringe the '351 Patent, as requested in their

---

[1] On August 12, 2019, the cases (1:19CV280 and 1:19CV675) were consolidated and 1:19CV280 was designated as the lead case. (See Order 1:19CV280 (Doc. 18); Order 1:19CV675 (Doc. 25).) Plaintiff's case against GE Appliances', the transferred case, docket number in this court was 1:19CV675. Citations to the record refer to the 1:19CV280 docket, unless otherwise noted.

counterclaims. (Doc. 35 at 4; see also Camco's Answer (Doc. 22) at 26–27; GE Appliances' Answer (Doc. 23) at 23–27.)

## II. ANALYSIS

### A. Declaratory Judgment Legal Background

> Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). This Act gives federal courts discretion to decide whether to declare the rights of litigants. Rather than grant litigants a right to judgment in their case, it merely permits the courts to hear those cases.

Trustgard Ins. Co. v. Collins, 942 F.3d 195, 201 (4th Cir. 2019) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995)).

### B. Default Judgment Background

Generally, if a defendant fails to plead or otherwise defend an action, this court has the discretion to enter default judgment as to that defendant. Fed. R. Civ. P. 55; see Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001, 1002 (E.D. Va. 1985). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). "However, the defendant is not deemed to have admitted conclusions of law . . . ." Id. The party moving for default judgment must still show that the defaulted party was properly served, Md. State

- 3 -

Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996), and that the "unchallenged factual allegations constitute a legitimate cause of action," Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010); see Romenski, 845 F. Supp. 2d at 705 (default judgment is proper when "the well-pleaded allegations in the complaint support the relief sought"). Defendants do not seek damages. (See Camco's Answer (Doc. 22) at 26-27; GE Appliances' Answer (Doc. 23) at 27-28.)

The court finds that the requirements for entering a default judgment have been met and default judgment is appropriate.

First, the court finds Plaintiff has been properly served. Federal Rule of Civil Procedure 4(h)(1)(A) allows service on a corporation consistent with Rule 4(e)(1), which permits service that "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The relevant North Carolina statute allows service on a corporation by, among other ways, "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served." N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(c).

Defendants properly served Plaintiff with their counterclaims. (See Camco's Answer (Doc. 22); GE Appliances' Answer (Doc. 23).) Further, Plaintiff's counsel at the time acknowledged by email that Plaintiff had received the counterclaims. (Doc. 32-2 at 2.) The court is therefore satisfied that Plaintiff has been properly served.

Second, the court finds that the "unchallenged factual allegations constitute a legitimate cause of action." Defendants brought substantively identical counterclaims, seeking declaratory relief for noninfringement with regard to their accused devices and invalidity and enforceability regarding the '351 Patent. (Camco's Answer (Doc. 22) at 22–26; GE Appliances' Answer (Doc. 23) at 23–27.) Because the court finds that Defendants' accused devices do not infringe the '351 Patent, and the court declines to exercise jurisdiction under the Declaratory Judgment Act, the court will dismiss Defendants' remaining counterclaims without prejudice.

   C.   **Counterclaim for Noninfringement**

Defendants' second counterclaims are for a declaration of noninfringement as to the '351 Patent. (Camco's Answer (Doc. 22) at 24–25; GE Appliances' Answer (Doc. 23) at 24–25.) Defendants argue their accused devices do not infringe the '351 Patent

either literally or under the doctrine of equivalents. (Doc. 36 at 15.)

Claim 1, the first of three the independent claims of the '351 Patent, states:

> A system for collecting leakages from at least one washing machine and at least one dryer the system comprising:
> a plurality of opposing side walls engaging with a front wall, a rear wall and a substantially flat bottom panel to define a basin structure having a void interior, said basin structure being sized to contain at least one washing machine and at least one dryer and being capable of containing liquid;
> and at least one detachable slide wedge which engages with the front wall to provide strength to the at least one front wall;
> whereby the at least one detachable slide wedge is adapted to enhance the transition, location and installation of the at least one dryer and at least one washing machine.

(Complaint, Ex. A (Doc. 1-1) '351 Patent col. 8 lines 1-16.)

Claim 6 reiterates the majority of Claim 1 but substitutes the following language in place of the clause concerning a "detachable slide wedge":

> and at least one safety edge and/or safety corner adapted to engage with one or more top edges of the plurality of opposing side walls, the front wall and the rear wall;
> whereby the at least one safety edge and/or safety corner provides thicker material and is formed to not be sharp-edged, both to provide greater strength to the wall top edges and to pose less danger to users.

(Id. col. 8 lines 41-47.) And Claim 11 substitutes in "and at least one damping means secured to the substantially flat bottom panel to damp and attenuate wave motion characteristics associated to the at least one dryer and/or the at least one washing machine." (Id. col. 9 lines 4-7.) Thus, the material limitations of the '351 Patent are as follows: (1) a basin sized to contain at least one washing machine and at least one dryer and capable of containing liquid; (2) "at least one detachable slide wedge which engages with the front wall to provide strength to the at least one front wall"; (3) "at least one safety edge and/or safety corner adapted to engage with one or more top edges of the plurality of opposing side walls, the front wall and the rear wall"; and (4) "at least one damping means secured to the substantially flat bottom panel to damp and attenuate wave motion characteristics associated to the at least one dryer and/or the at least one washing machine."

Determining patent infringement involves a two-step analysis. Carroll Touch, Inc. v. Electro Mech. Sys., Inc., 15 F.3d 1573, 1576 (Fed. Cir. 1993). First, a court must construe the claim at issue in order to determine its scope and meaning, as a matter of law. Id. Second, the court must compare the claim to the alleged infringer's products. Id.; see also ZMI

Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1578 (Fed. Cir. 1988).

Direct infringement occurs where "all steps of a claimed method are performed by or attributable to a single entity." Akamai Techs., Inc. v. Limelight Networks, Inc., 797 F.3d 1020, 1022 (Fed. Cir. 2015). A plaintiff may prove direct infringement by proving literal infringement or infringement under the doctrine of equivalents. Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1310 (Fed. Cir. 2005).

Literal infringement is found if the accused products embody every limitation of the claim. Carroll Touch, 15 F.3d at 1576. By contrast, under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997).

### 1. Literal Infringement

"To prove literal infringement, the patentee must show that the accused device contains every limitation in the asserted claims." Leggett & Platt, Inc. v. Hickory Springs Mfg. Co., 285

- 8 -

Case 1:19-cv-00280-WO-LPA   Document 38   Filed 08/24/20   Page 8 of 19

F.3d 1353, 1358 (Fed. Cir. 2002) (quoting Mas-Hamilton Grp. v. LaGard, Inc., 156 F.3d 1206, 1211 (Fed. Cir. 1998)).

Claims 1, 6, and 11, the independent claims of the '351 Patent, all state: "A system for collecting leakages from at least one washing machine and at least one dryer . . . . being sized to contain at least one washing machine and at least one dryer and being capable of containing liquid." ('351 Patent (Doc. 1-1) col. 8 lines 2-3; lines 7-9.)

Defendants allege that the '351 Patent's "applicant abandoned any claim to devices that fit only a single appliance," and Defendants' accused devices "fit[] only a single appliance" and are "not sized to contain at least one washing machine and at least one dryer." (GE Appliances' Answer (Doc. 23) ¶¶ 63, 64, 66; see Camco's Answer (Doc. 22) ¶¶ 62–65.)

Because "the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint," Plaintiff is deemed to admit that Defendants' accused device does not "contain[] every limitation in the asserted claims" and

- 9 -

therefore Defendants' accused devices cannot literally infringe the '351 Patent.[2]

Accordingly, the court finds Defendants have stated a claim sufficient to recover declaratory relief of noninfringement under a literal infringement theory.

### 2. Doctrine of Equivalents

The Supreme Court has made clear that the doctrine of equivalents must be applied in a precise manner, holding that "[e]ach element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole." Warner-Jenkinson, 520 U.S. at 29. The court therefore "must consider each element of the allegedly infringed claim to determine whether there is equivalence between each of those elements and the accused device or method." N5 Techs. LLC v. Capital One N.A., 56 F. Supp. 3d 755, 760 (E.D. Va. 2014). "If there is not equivalence between the accused device or method and any one element of the patent claim in issue, then there is no

---

[2] While Defendants also allege that their accused device does not include several other limitations of the '351 Patent, (see Camco's Answer (Doc. 22) ¶¶ 66-67; GE Appliances' Answer (Doc. 23) ¶¶ 67-68), because the lack of only one limitation vitiates a claim for literal infringement, the court does not see the need to further analyze these allegations.

infringement under the doctrine of equivalence." Id. at 760–61. In other words, the court applies the "the (in)substantial differences test, under which '[a]n element in the accused device is equivalent to a claim limitation if the only differences between the two are insubstantial.'" UCB, Inc. v. Watson Labs. Inc., 927 F.3d 1272, 1284 (Fed. Cir. 2019) (quoting Voda v. Cordis Corp., 536 F.3d 1311, 1326 (Fed. Cir. 2008)) (alteration in original).

Further, when a patent claim clearly excludes an element, the Federal Circuit has held there can be no equivalence. See SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc., 242 F.3d 1337, 1345 (Fed. Cir. 2001) ("A particular structure can be deemed outside the reach of the doctrine of equivalents because that structure is clearly excluded from the claims whether the exclusion is express or implied."); id. at 1346 ("[B]y defining the claim in a way that clearly excluded certain subject matter, the patent implicitly disclaimed the subject matter that was excluded and thereby barred the patentee from asserting infringement under the doctrine of equivalents.").

The court finds here that there is no infringement under the doctrine of equivalents because, as Defendants allege, and Plaintiff is deemed to admit, there are substantial differences between the accused devices and the '351 Patent's claim

- 11 -

Case 1:19-cv-00280-WO-LPA   Document 38   Filed 08/24/20   Page 11 of 19

limitations, most importantly that the '351 Patent "clearly excludes" any claim to a device fitting only one appliance.

Defendants allege its accused device is sized to fit only a single washing machine, whereas Plaintiff "abandoned any claim to devices to fit only a single appliance," in the '351 Patent application. The court finds that this is a case where a "a patent claim clearly excludes an element," and there can be no equivalence. See SciMed Life Sys., 242 F.3d at 1345.

Further, Claim 1 of the '351 Patent provides for the existence of a "detachable slide wedge . . . adapted to enhance the transition, location and installation of the at least one dryer and at least one washing machine," ('351 Patent (Doc. 1-1) col. 8 lines 14-16), and Claim 11 provides for a "damping means secured to the substantially flat bottom panel to damp and attenuate wave motion characteristics associated to the at least one dryer and/or the at least one washing machine." (Id. col. 9, lines 4-7.) As the court has already found, all three independent claims include the limitation that the object be sized to contain "at least one washing machine and at least one dryer."

Defendants allege the accused device "does not include at least one detachable slide wedge which engages with the front wall," nor does it "include at least one damping means secured

to a substantially flat bottom panel," and the accused device "fits only a single appliance." (GE Appliances' Answer (Doc. 23) ¶¶ 63-68; see Camco's Answer (Doc. 22) ¶¶ 63, 66-67.) The lack of a damping means, a detachable slide wedge, and the sizing for only one appliance are all substantial differences between Defendants' accused devices and the '351 Patent.

Because Defendants have alleged that their accused devices do not contain these limitations, and Plaintiff is deemed to have admitted these allegations, the court therefore finds there are substantial differences between the accused devices and the '351 Patent. Accordingly, there is no equivalence and thus "there is no infringement under the doctrine of equivalence." N5 Techs. LLC, 56 F. Supp. 3d at 760.

The court finds that Defendants have stated a claim sufficient to recover declaratory relief for noninfringement under the doctrine of equivalents.

### 3. Noninfringement Conclusion

The court finds that, because Defendants have sufficiently alleged noninfringement of the '351 Patent under a literal infringement theory and under the doctrine of equivalents, a declaration of noninfringement is appropriate. Further, because the court finds the requirements for entry of a default judgment have been met, the court will grant Defendants' motion for default

judgment against Plaintiff for Defendants' noninfringement counterclaims.

### D. Defendants' Remaining Counterclaims

Having made a finding of noninfringement regarding Defendants' accused devices and the '351 Patent, the court turns to Defendants' remaining counterclaims for invalidity and unenforceability due to Plaintiff's alleged inequitable conduct.

A finding of noninfringement does not moot a counterclaim for invalidity, VirnetX Inc. v. Apple Inc., 931 F.3d 1363, 1373 (Fed. Cir. 2019), or inequitable conduct, Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc., 522 F.3d 1348, 1367 (Fed. Cir. 2008). "A party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." VirnetX, 931 F.3d at 1373 (quoting Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 96 (1993)). But "[t]he decision whether to accept jurisdiction of a Declaratory Judgment counterclaim is quintessentially left to the discretion of the district court." AstraZeneca LP v. Breath Ltd., 542 F. App'x 971, 981-82 (Fed. Cir. 2013) (affirming the dismissal of an invalidity counterclaim when "the district court stated that 'the non-infringement judgment firmly and clearly resolves the case, and Apotex has not shown how a judgment of invalidity would provide any additional benefit'"); see also Liquid

- 14 -

Case 1:19-cv-00280-WO-LPA   Document 38   Filed 08/24/20   Page 14 of 19

Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1370-71 (Fed. Cir. 2004) ("A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion."); Nystrom v. TREX Co., 339 F.3d 1347, 1350-51 (Fed. Cir. 2003) (observing that a district court could have dismissed an invalidity counterclaim "without prejudice (either with or without a finding that the counterclaim was moot) following the grant of summary judgment of non-infringement"); cf. Am. Piledriving Equip., Inc. v. Geoquip, Inc., 696 F. Supp. 2d 582, 593 (E.D. Va. 2010) ("[A] district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." (quoting Phonometrics, Inc. v. N. Telecom Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998))).

The exercise of discretion under the Declaratory Judgment Act is not mandatory. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942); see also 28 U.S.C. § 2201(a).

The court finds that the noninfringement judgment "firmly and clearly resolves the case," and Defendants have "not shown how a judgment of invalidity [or unenforceability] would provide any additional benefit." AstraZeneca, 542 F. App'x at 981-82. Further, to determine invalidity, the court would have to

- 15 -

construe terms and review the patent as a whole, none of which is supported by a live controversy at this point. The court declines to exercise its jurisdiction under the Declaratory Judgment Act over Defendants' remaining counterclaims and will dismiss these counterclaims without prejudice.

### E.  Plaintiff's Complaints

The court is left with Plaintiff's complaints, which Defendants have moved to dismiss under Federal Rule of Civil Procedure 41(b). (Doc. 35 at 1.) The court declines to apply Rule 41(b) and instead finds sua sponte that Plaintiff's complaints are moot in light of the court's declaration of noninfringement.

"The parties did not raise the issue of mootness, but the question of whether [the court is] presented with a live case or controversy is a question [the court] may raise sua sponte 'since mootness goes to the heart of the Article III jurisdiction of the courts.'" Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (quoting Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997)). "[E]ven if a plaintiff has standing when he or she files a complaint, subsequent events can moot the claim." Pashby v. Delia, 709 F.3d 307, 316 (4th Cir. 2013). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the

issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. (internal quotation marks omitted).

A judgment of noninfringement acts as a total defense to Plaintiff's claims for infringement. See Precision Links Inc. v. USA Prods. Grp., Inc., Civil No. 3:08cv576, 2009 WL 1940055, at *1 (W.D.N.C. July 2, 2009) ("If the Court were to enter a default judgment on these Counterclaims, the Plaintiff's entire case would fail, as declarations of invalidity and non-infringement would be complete defenses to the Plaintiff's infringement claim."); see also McGinley v. Luv n' care, Ltd., Case No. 3:17-CV-00821, 2019 WL 3282926, at *3 (W.D. La. July 19, 2019) (dismissing the plaintiff's infringement claim as moot after issuing summary judgment of noninfringement). Thus, having declared that Defendants' accused products do not infringe the '351 Patent, and declining to exercise jurisdiction under the Declaratory Judgment Act over Defendants' remaining counterclaims, the court finds there is no longer a live legal controversy here. The court will thus dismiss Plaintiff's complaints for patent infringement as moot.

## III. CONCLUSION

The court will issue a declaratory judgment that Defendants' devices do not infringe the '351 Patent. Given that

- 17 -

Plaintiff defaulted on Defendants' counterclaims, Plaintiff is "deemed to have admitted all well-pleaded allegations of fact contained in the [counterclaims]." Taking Defendants' counterclaims as true, the court finds that Defendants plausibly allege that Defendants' accused devices do not infringe the '351 Patent. Given this finding, the court does not find it necessary to reach Defendants' contentions that the '351 Patent is invalid and/or unenforceable. Further, because a successful defense of noninfringement acts as a complete defense to an infringement claim, the court will also dismiss Plaintiff's complaints as moot.

**IT IS THEREFORE ORDERED** that Defendants' motion for default judgment as to their second counterclaim for noninfringement, (Doc. 35), is **GRANTED** and a declaratory judgment stating Defendants' accused devices do not infringe the '351 Patent shall be entered.

**IT IS FURTHER ORDERED** that Defendants' motion for default judgment as to their first and third counterclaims for unenforceability and for invalidity, (Doc. 35), is **DENIED**. Defendants' first and third counterclaims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's complaints, (Doc. 35), is **GRANTED.**

- 18 -

A declaratory judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 24th day of August, 2020.

                                       /s/ William L. Osteen, Jr.
                                         United States District Judge